Plaintiff and defendant are railway companies, duly incorporated under the laws of this State. In 1891 plaintiff had constructed and was operating a line of railway through Brown County, and through or near the town of Brownwood, and had acquired, owned, and was in the possession and use of the land described, operating its railway thereon.
The defendant was engaged in constructing a line of railway through the same county and town, in a direction to cross plaintiff's road at said town of Brownwood. On the 27th of July, 1891, defendant presented to the county judge of Brown County an application for condemnation of plaintiff's land at Brownwood, describing the land, and alleging plaintiff's ownership, occupancy, and use of the same. It alleged that it had been unable to agree with the plaintiff in error upon the damages which it would sustain by reason of the condemnation of the same, and that it was necessary for the petitioner to cross the said land and the road of the plaintiff in error, and to put in a Y in order to connect therewith, to enable it to exchange business as it was required to do by law. Applicant asked for the appointment of commissioners, that the land be condemned, and the damages assessed.
On the same day the county judge of that county endorsed upon the application an order appointing three commissioners, reciting that they were disinterested freeholders of that county. The commissioners were sworn as required by law, and the oath endorsed upon the application of the same date as the appointment. Notice was given of the time and place when the parties would be heard.
The petition was filed in the office of the clerk of the County Court on the 27th day of July, 1891.
On the 3rd day of August, 1891, plaintiff in error filed in the office of the clerk of the County Court of said county a motion to vacate the appointment of commissioners. This motion was based upon a number of grounds not necessary to mention here.
The county judge endorsed upon the motion the following order: "This motion was presented to me in vacation, August 3, 1891. I held that I had no jurisdiction; that I could only act on it in term time, if at all, and refused to entertain it. Defendant excepted to the action of the court."
On the same day plaintiff in error filed in the County Court of Brown County exceptions to the application for condemnation, upon the ground that the petitioner had not made an effort to settle or adjust the matter in dispute, had not offered any compensation for damages that it would sustain, and that the commissioners had no power under the law to condemn the land in use by it for the use of the applicant. It also filed an answer, setting up the particular items of damage that it would sustain *Page 541 
by reason of the crossing of its road and the use of its land by petitioner.
On the 3d day of August, 1891, the commissioners made their report, as follows: "We, the undersigned commissioners, selected by the County Court of Brown County in the above entitled cause, hereby assess the damages to the Gulf, Colorado Santa Fe Railway Company by reason of said railway company running its track over the track and land of the Gulf, Colorado Santa Fe Railway Company as set forth in the statement filed by petition in this court, and for right of way taken, at the sum of $5 and all costs." Which was signed by the commissioners.
The answer filed by plaintiff in error did not set up that there was any difference as to the place or manner of crossing, and nothing in the papers shows that any issue existed upon that point.
On the 7th day of August, 1891, plaintiff in error filed a petition in the District Court of Johnson County against the defendant in error, in which it asked for an injunction restraining the defendant from using the land, from crossing its railroad, and from operating its trains over it. The district judge, in chambers, granted the writ of injunction, and on the 27th day of the same month the defendant, having answered to the merits, made a motion to dissolve the injunction, which was by the judge granted.
On the 18th day of the succeeding December the plaintiff in error filed in said cause a first amended original petition, in which it alleged all the facts, making copies of all the papers in the proceeding to condemn, a part of the petition. It alleged, that the commissioners that were appointed by the county judge, with other persons, had bound themselves to pay for the right of way and damage through the county, and especially at the point at which the condemnation was had in this case, and were interested in the result of that proceeding; claiming that the award made by them was for that reason void. The petition prayed for recovery of possession of the land, or if not entitled to that, relief for damages occasioned by the acts of defendant in entering upon its land and crossing its railroad, setting out particularly the damages claimed.
Defendant filed a general demurrer to this amended petition, and a special exception, to the effect that the plaintiff's petition showed upon its face that the County Court of Brown County had acquired jurisdiction of the subject matter of the suit before this suit was filed.
The court sustained the demurrer, and the plaintiff declining to amend further, the petition was dismissed; from which judgment plaintiff appealed, and the Court of Civil Appeals affirmed the judgment of the District Court.
It is claimed by the counsel for plaintiff in error that the proceedings of condemnation in the County Court of Brown County are void for the following reasons:
First. That under the laws of this State the County Court has no jurisdiction *Page 542 
to appoint commissioners to condemn land occupied by one railway for the purpose of a crossing over its track by another railway.
Second. That the application for the appointment of commissioners alleged neither an offer to agree upon the manner and point of crossing, nor that the parties were unable to agree; that it therefore conferred no jurisdiction upon the County Court of Brown County, and all proceedings under it were void.
Third. That the commissioners appointed by the judge were interested, which renders their award void.
If either the first or second ground be well taken, the action of the County Court is void, and plaintiff's petition showed a good cause of action, which would have entitled it to maintain the suit, although the injunction might have been properly dissolved.
Article 10, section 1, of the Constitution, provides, that "Every railway company shall have the right with its road to intersect, connect with, or cross any other railway; and shall receive and transport each the other's passengers, tonnage, and cars, loaded or empty, without delay or discrimination, under such regulations as shall be prescribed by law."
The right to intersect, connect with, or to cross any other railway is conferred by this section upon every railway thereafter constructed in the State, and we need not refer to other authority for that right. The question involved is, Has the law of this State conferred upon the County Courts the authority to enforce this right by such proceeding as was had in this case? If it has not conferred such authority, then the action had in the County Court is void, the plaintiff had the right to resort to the District Court to recover its damages, and the judgment of the District Court was erroneous. The solution of the question depends upon the construction of the following articles of the Revised Statutes:
"Article 4175. Such corporation [railroad corporation] shall have the right to cross, intersect, join, and unite its railway with any other railway before constructed at any point on its route, and upon the grounds of such other railway corporation, with the necessary turnouts, sidings, and switches and other conveniences in furtherance of the objects of its connection.
"Article 4176. Every corporation whose railway is or shall hereafter be intersected by any new railway shall unite with the corporation owning such new railway in forming intersections and connections, and grant to such new railway facilities therefor.
"Article 4177. If the two corporations can not agree upon the amount of compensation for any such crossing, intersection, or connection, or the points and manner of the same, their difference shall be adjusted in the manner provided by law."
"Article 4180. If any railroad corporation shall at any time be unable to agree with the owner for the purchase of any real estate, or the material *Page 543 
thereon, required for the purpose of its incorporation or the transaction of its business for its depots, station buildings, machine and repair shops, or for the right of way, or any other lawful purpose connected with or necessary to the building, operating, or running its road, such corporation may acquire such property in the manner provided in this chapter."
The manner of acquiring the land, as set out in the chapter, is embraced in the following articles:
"Article 4182. If such company and said owner can not agree upon the damages, it shall be the duty of said company to state in writing the real estate and property sought to be condemned, the object for which the same is sought to be condemned, the name of the owner thereof, and his residence if known, and file the same with the county judge of the county in which such property is situated," etc.
Article 4183 directs the county judge, upon the presentation of the application, to appoint three disinterested freeholders of the county as special commissioners to assess the damages, and article 4184 prescribes the oath to be administered to the commissioners.
Service upon the defendant or owner of the property, and notice of the time and place of hearing, are provided for, and the manner of proceeding by and powers of the commissioners are prescribed in the following articles:
"Article 4191. When service of notice has been perfected, the commissioners shall at the time and place appointed, or at any other time and place to which said hearing has been adjourned, proceed to fully hear said parties; but if upon the day set for the hearing the service of notice has not been perfected, the said hearing shall be postponed from time to time until such service has been perfected.
"Article 4192. Said commissioners, for the purpose mentioned in this chapter, shall have power to compel the attendance of witnesses, and the production of testimony, and to administer oaths, and punish for contempt as fully as is provided by law for the District or County Court.
"Article 4193. Said commissioners shall hear evidence as to the value of the property sought to be condemned, and as to the damages which will be sustained by the owner thereof by reason of such condemnation, and as to the benefits that will result to the remainder of such property belonging to such owner, if any, by the construction and operation of such railway, and shall, according to this rule, assess the actual damages that will accrue to such owner by said condemnation."
Article 4176 enjoined upon the plaintiff to unite with the defendant in securing the intersection and connection; it was a mutual duty to be performed for the promotion of an important public purpose. The articles are in the nature of a remedial statute, and must be liberally construed *Page 544 
for the purpose of attaining the object intended to be secured. The object to be attained by the proceeding was to secure relief from the failure of the plaintiff to co-operate with the defendant, as well as from any other cause of disagreement. Endl. on Int. of Stats., secs. 107, 108; Sanford v. Hayes,19 Conn. 596.
In Sanford v. Hayes, supra, a statute providing for laying out a public highway by co-operation of selectmen and common council was under consideration, and the court said: "It is more just to conclude that as the co-operation of the selectmen and the town is required for the establishment of a highway, relief from the want of such co-operation was intended to be furnished no less than from the omission of the former to do their duty in the first instance." Again the court said in that case: "And in construing a remedial statute of this character, having for its end the promotion of such important and beneficial public objects, we feel bound to give it a large construction, for the purpose of furthering these objects, even though the language of the statute is critically less exact than it should be, provided we can do so without doing absolute violence to its terms."
This is not a case in which the law has failed to provide for a case, but one in which the provision is made in different articles of the statute, and involves nothing more than the application of the rule which requires that all the language used must be given effect if it can be done without doing violence to the plain import of the act. End. on Int. of Stats., secs. 18, 23; Banks v. The State, 28 Tex. 644.
Counsel for plaintiff in error claim that the laws of this State do not confer upon the County Court authority to adjust the differences that might arise as to the point and manner of making the intersection and crossing of railroads. The articles quoted are all in one chapter upon the general subject "right of way," embracing the different circumstances under which such questions might arise. Article 4177 directs that differences as to the point and manner of making the crossing and connection shall be adjusted in the "manner prescribed by law." The Legislature understood that there was a manner then prescribed;
and article 4180 provides, that differences arising concerning the acquisition of real estate for any lawful purpose of the corporation shall be determined according to the mode prescribed in that chapter. Making connections between roads is a lawful purpose; in fact, a duty enjoined upon both parties in the interest of the public.
The commissioners are empowered, by article 4192, for the "purposes mentioned in that chapter, to compel the attendance of witnesses;" and required by article 4193 to hear testimony and assess the damages. It is therefore within the power of the commissioners to investigate every matter of difference or grievance which may arise, and to adjust the trouble rightly and justly. *Page 545 
We conclude that the County Court had jurisdiction over the subject matter under the statute.
Article 4182 states clearly what the application must contain; and the application in this case complies with its requirements. It states that the applicant had not been able to agree with the defendant as to the damages. It was not necessary to state that it could not agree as to the point and manner of making the connection, for the reason that from all the proceedings in the case before the commissioners, as well as the petition in this case, it does not appear that there was any difference as to that matter.
Plaintiff alleges that defendant had not made an effort to agree with it, but does not allege its own readiness tounite in the settlement of the matter, or that there was a disagreement as to the point and manner of making connection.
Article 4175 gave the defendant the right to cross, intersect, and connect with plaintiff's road at any point on its route and upon its land. In the nature of things, the railway of defendant must be built in one general direction, controlled by the character of the country, and the point at which that line crossed the railway of plaintiff would be the point of intersection designated by the statute, at which the statute gave the right to cross, and no prior agreement would be necessary to the exercise of such right thus given by the law. If there was anything in the point of intersection as thus fixed which rendered it improper as a place of crossing, the plaintiff should have made known the objection, and united with defendant in adjusting the trouble. The manner and terms of connection and crossing were incident to the right of crossing, and could be adjusted the same as the necessity for crossings in a farm, or culverts or ditches to drain the land. It was not necessary that there should have been allegation as to disagreement about the manner and terms of the crossing in order to give the commissioners power to adjust them. The application was sufficient to give jurisdiction to the court.
The petition alleges that the commissioners appointed by the county judge were bound, with others, to pay for the right of way and damages at this point, and were disqualified to act, for which reason the award was void.
The law required that the county judge should appoint disinterested freeholders of the county, which involved an investigation of and decision as to their qualification as an official act, and in this proceeding the court will conclusively presume that he decided correctly. Railway v. Randolph, 24 Tex. 317; Foster v. Wells, 4 Tex. 101
[4 Tex. 101]; Burdett v. Sillsbee, 15 Tex. 604
[15 Tex. 604]; Johnson v. Smith, 21 Tex. 722; Hatch v. Dunn, 11 Tex. 708.
It is alleged that plaintiff did not know of the disqualification of the commissioners at the time of the trial. But we find in the petition for *Page 546 
injunction filed on the 7th day of August, four days after the award was filed, substantially the same allegation as a ground for holding the award void. Under the law the award could not be made the judgment of the court until after the expiration of ten days from the time it was returned into court, and during that time plaintiff, by filing objections to it, would have been entitled to a trial de novo before a jury, by which objections it would have set aside the award, and thus have secured ample protection before the County Court, with the right of appeal to the Court of Civil Appeals if its rights were not fully protected by the judgment of the County Court.
Having failed to avail itself of so simple and effective a remedy, we see no reason why the rules of law by which such proceedings are held to be binding upon parties to them when duly notified should be departed from, and a collateral attack allowed to be made upon the proceedings of a court of competent jurisdiction.
There is no error in the judgment of the District Court or the Court of Civil Appeals, and the judgments of those courts are affirmed.
Affirmed.
Delivered April 9, 1894.