PINNACLE GAS TREATING,
INC., Petitioner,

v.

Raymond Michael READ, Mark William Read, and Thomas I. Fetzer, II, Respondents.

No. 04–0660.

Supreme Court of Texas.

March 11, 2005.

Rehearing Denied May 13, 2005.

Edward Robert Human, Celia C. Flowers, Flowers Davis, PLLC, William Dean Farrar, Tyler, for petitioner.

Karl C. Hoppess, Daniel P. Meanor, Karl C. Hoppess & Associates, P.C., Houston, Joe Cannon, Cannon & Simmons, Groesbeck, for respondents.

**PER CURIAM.**

This case presents the question whether a district judge had jurisdiction to sign orders in a condemnation case pending in another district court in the same county. The court of appeals held that the district judge did not have jurisdiction because there had been no exchange of benches. 143 S.W.3d at 169. We hold there was jurisdiction; we therefore reverse the decision of the court of appeals and remand the case to the trial court.

In 1997, Pinnacle Gas Treating, Inc. initiated eight condemnation proceedings in Leon County. Pursuant to the Property Code, the district clerk distributed the eight cases among the three courts serving the county: the 12th, 87th, and 278th Judicial District Courts. *See* Tex. Prop.Code § 21.013(d). This case, which involves an easement over the Reads' property for a gas pipeline, was assigned to Judge Sandel of the 278th court. However, Judge Bournias of the 87th court signed orders appointing special commissioners in all eight proceedings. The commissioners determined that the Reads were entitled to an award of $7,527 for the easement. After Pinnacle filed a notice of deposit, Judge Bournias granted Pinnacle a writ of possession for the easement. Pinnacle then filed an objection to the commissioners' award and converted the administrative condemnation into a judicial proceeding. *See* Tex. Prop.Code § 21.018.

Pinnacle filed a motion for partial summary judgment with Judge Sandel to establish that Pinnacle was entitled to condemn the property as a matter of law. The Reads filed a plea to the jurisdiction and a motion to dismiss, arguing that

Judge Bournias never had jurisdiction over the case because there had been no proper reassignment of the case or exchange of benches. They also sought damages for wrongful entry and attorneys' fees. Judge Sandel dismissed Pinnacle's condemnation proceeding and submitted the Reads' claim for damages to a jury, which awarded $104,290.57. Meanwhile, Pinnacle initiated a second condemnation proceeding to secure its right to the easement, over which it had already built a pipeline.[1] The trial court rendered judgment on the jury's verdict, and Pinnacle filed its notice of appeal.

A divided court of appeals dismissed the appeal, holding that the second condemnation proceeding rendered the case moot. Pinnacle petitioned this Court for review, and we reversed, holding that because damages were at issue, Pinnacle had a continuing stake in the outcome of the case, and it was therefore not moot. We remanded that case to the court of appeals for consideration on the merits. 104 S.W.3d 544 (Tex.2003).

The court of appeals again affirmed, holding that Judge Bournias lacked jurisdiction to appoint the commissioners because Judge Sandel never agreed to exchange benches with him. Chief Justice Gray dissented, arguing that any defect was procedural, not jurisdictional.

■ Both the 87th and 278th Judicial Districts include Leon County. Tex. Gov't Code §§ 24.189(a), 24.455. Both Judge Bournias and Judge Sandel therefore had concurrent jurisdiction over Pinnacle's eminent domain case. *See* Tex. Const. art. V, § 8; *In re U.S. Silica Co.,* 157 S.W.3d 434, 438 (Tex.2005).

■ The Texas Constitution provides that "[t]he District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law." Tex. Const. art. V, § 11. No formal order is needed for an exchange or transfer to take place. *See In re Houston Lighting & Power Co.,* 976 S.W.2d 671, 673 (Tex.1998); *Davila v. State,* 651 S.W.2d 797, 799 (Tex. Crim.App.1983). If a judge lacks subject matter jurisdiction over a case, that judge cannot gain jurisdiction through an exchange of benches. *See Johnson v. State,* 869 S.W.2d 347, 348–49 (Tex.Crim.App. 1994). This rule is incompatible with the Reads' view that exchanging benches is about jurisdiction-swapping. Rather, the right of district judges to exchange benches assumes that they already have concurrent jurisdiction over the same cases in a common county. Judge Bournias had jurisdiction irrespective of whether his appointment of the commissioners was erroneous.

Under the heading "Venue," the Property Code directs the district and county clerks to "assign an equal number of eminent domain cases in rotation *to each court with jurisdiction* that the clerk serves." Tex. Prop.Code § 21.013(d) (emphasis added). The statute does not purport to confer exclusive jurisdiction upon the court to which a case is assigned, and explicitly recognizes that jurisdiction can lie with multiple courts. Furthermore, the Government Code provides:

> A district or statutory county court judge may hear and determine a matter pending in any district or statutory county court in the county regardless of whether the matter is preliminary or final or whether there is a judgment in the matter. The judge may sign a judg-

---

**1.** A writ of possession was issued in the second proceeding, but the record does not reflect its ultimate outcome.

ment or order in any of the courts regardless of whether the case is transferred. The judgment, order, or action is valid and binding as if the case were pending in the court of the judge who acts in the matter.

Tex. Gov't Code § 74.094(a).[2] On the other hand, section 21.014 of the Property Code provides that "[t]he judge of a court ... to which an eminent domain case is assigned shall appoint three disinterested freeholders who reside in the county as special commissioners." Tex. Prop.Code § 21.014(a). The court of appeals noted that specific statutes control general ones, *see Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 901 (Tex.2000), and concluded that section 21.014 definitively established that only Judge Sandel could appoint the commissioners. 143 S.W.3d at 169. However, section 21.014 contains no language suggesting that it confers exclusive jurisdiction to appoint commissioners to the judge to which an eminent domain

case is assigned, and might well conflict with district judges' constitutional right to exchange benches if it did.[3]

Judge Bournias had jurisdiction over this action, and any error was curable by a trial *de novo. See Gulf, C. & S.F. Ry. Co. v. Ft. Worth & R.G. Ry. Co.,* 86 Tex. 537, 26 S.W. 54, 60 (1894).[4] The court of appeals therefore erred in affirming the trial court's order dismissing the action. Pinnacle was never wrongfully in possession of the Reads' land, and the Reads therefore cannot maintain an action for wrongful entry and attorneys' fees.

Therefore, without hearing oral argument, we reverse the judgment of the court of appeals and render judgment that the Reads take nothing in their suit against Pinnacle. *See* Tex.R.App. P. 59.1. The record does not reflect whether the second condemnation proceeding has resolved all outstanding issues relating to condemnation damages, or whether a trial

2. The Rules of Civil Procedure reinforce this rule. In counties with more than one district court, "any judge may hear any part of any case." *See* Tex.R. Civ. P. 330(g). And Rule 330(h) provides that in such counties,

> any judge may hear ... all preliminary matters, questions, and proceedings and may enter judgment or order thereon in the court in which the case is pending without having the case transferred to the court of the judge acting. [] Any judgment rendered or action taken by any judge in any of said courts in the county shall be valid and binding.

Tex.R. Civ. P. 330(h); *see also In re Garza,* 981 S.W.2d 438, 441 (Tex.App.-San Antonio 1998) (holding that a district judge can rule on matters filed in another court in the same county). Although these rules create the possibility for conflicting orders to be issued by two courts both asserting jurisdiction, mandamus relief is available to remedy such situations. *See Bigham v. Dempster,* 901 S.W.2d 424, 428 (Tex.1995).

3. The Reads argue that exchange of benches is inapplicable to an order appointing com-

missioners or granting a writ of possession based on an award of commissioners, because such acts are "ministerial" or "administrative" and are not "judicial." *See Rose v. State,* 497 S.W.2d 444, 445 (Tex.1973). But an order granting such a writ of possession is ministerial only in that it is an administrative judgment from which no direct appeal will lie. *See id.* The Government Code provides that a "judge may sign a judgment or order in any of the courts [in the county] regardless of whether the case is transferred." Tex. Gov't Code § 74.094(a). Appointing commissioners and issuing writs of possession are accomplished by signing orders. We see no reason to depart from the plain language of the statute.

4. The Reads argue that this position renders administrative condemnation proceedings irrelevant. But parties are always entitled to a jury trial if they feel they need one. *See* Tex. Prop.Code § 21.018. Administrative condemnation remains relevant because when the parties are satisfied with the administrative proceeding, they can forgo their right to a trial, saving time and expense.

on damages in the original condemnation proceeding is still required. We therefore remand the condemnation proceeding to the trial court for further proceedings consistent with this opinion.