NO. 07-07-0121-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 5, 2007
_____

IN RE ZURICH AMERICAN INSURANCE COMPANY, AS SUBROGEE

OF HUNTER INDUSTRIES, INC. AND JOHNNIE HILL, RELATOR
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____**MEMORANDUM OPINION**

Relator, Zurich American Insurance, as subrogee of Hunter Industries, Inc. and Johnnie Hill, petition this court to issue a writ of mandamus directing the Honorable Charles Ramsay, Judge for the 428th District Court, to vacate his order of December 15, 2006. For the reasons stated, we deny relator's petition.

Relator complains that Judge Ramsay's order granting relief to Elizabeth Gutierrez, real party in interest, is void because it was rendered without the trial court having jurisdiction, either because 1) the order granting relief was issued after the summary judgment in the underlying suit had become final; or 2) the trial judge of the 428th District Court did not have jurisdiction to issue an order in a case before the 274th District Court.

Background

Relator sued Gutierrez and Miguel Gomez in the underlying proceedings for damages arising from an automobile accident. In relator's original petition, relator sought recovery of damages from Gutierrez for negligent entrustment; additionally, relator prayed for pre-judgment and post-judgment interest, court costs, reasonable attorney fees and for other relief to which they were entitled. The case was assigned to the 274th District Court of Hays County with Judge William Henry presiding. On December 5, 2005, a default judgment was entered against Gomez. The suit against Gomez was severed from this case on August 8, 2006. Also on August 8th, Judge Henry heard relator's Motion for Summary Judgment against Gutierrez, which requested judgment equal to the damages paid by relator to the victim of the accident, pre-judgment interest, and post-judgment interest, but did not request relief of court costs or attorney fees. Judge Henry granted relator's summary judgment and signed an order to that effect on August 8, 2006. The order did not contain a Mother Hubbard clause.

Following the trial court's entry of summary judgment, Gutierrez filed a motion for new trial that was denied by Judge Henry on November 21st. Believing that her time for filing notice of appeal was running out, Gutierrez filed a second motion entitled, "Motion for Rehearing, for New Trial, to Vacate Or Modify Prior Orders, and to Withdraw/Strike Deemed Admissions." Gutierrez had a hearing on that motion before Judge Ramsay of the 428th District Court of Hays County on December 15, 2006. After the hearing, Judge Ramsay granted Gutierrez's motion and vacated Judge Henry's August 8th order granting

summary judgment in favor of relator. Relator requests this court to order Judge Ramsay to vacate his order of December 15th and to proceed no further in this case.

## Finality of August 8th Order

First, relator contends that the August 8th order disposed of all claims and was a final order. Since Gutierrez filed a motion for new trial within thirty days of the August 8th order, relator contends that the trial court had plenary jurisdiction under rule 329b(e) of the Texas Rule of Civil Procedure to vacate the judgment for thirty days after the motion for new trial was overruled, either by operation of law or by written order. TEX. R. CIV. P. 329b(e). Relator contends Judge Ramsay's order was issued after the expiration of such time period.

In determining finality, we are to err on the side of preserving appeals by ensuring that the right to appeal is not lost by overly technical application of the law. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). A judgment issued without a conventional trial on the merits is final for purposes of appeal if, and only if, either it actually disposes of all claims and parties then before the court, regardless of its language, or states with unmistakable clarity that it is a final judgment as to all claims and all parties. Id. at 192-93. A claim is not waived merely because it is not presented in a motion for summary judgment. See McNally v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001). Also, on appeal, we do not presume that the motion for summary judgment addresses all of a movant's claims. See Sw. Invs. Diversified, Inc. v. Estate of Mieszkuc, 171 S.W.3d 461, 467 (Tex.App.–Houston [14[th] Dist.] 2005, no pet.).

3

In this case, the order granting summary judgment in favor of relator does not contain a Mother Hubbard clause, nor does it dispose of court costs or attorney fees. Therefore, without clear indication that relator was waiving its claim of attorney fees, see Dallas Fire Fighters Ass'n v. Booth Research Group, Inc., 156 S.W.3d 188, 198 (Tex.App.–Dallas 2005, pet. denied) (party waived attorney fees by letter prior to entry of summary judgment), and without a clear indication of the trial court's intention to dispose of all issues, we conclude that the issues of attorney fees and court costs remain unresolved. Hence, the order of August 8th is not a final judgment.

District Court Authority

In any county in which there are two or more district courts, in case of absence, any of the district judges may hold court for another. See TEX. GOV'T CODE ANN. § 24.303(c) (Vernon 2004). See also TEX. CONST. art. V, § 11; TEX. R. CIV. P. 330(e). Any of the district judges within a county may hear and determine any part or question of any case or proceeding pending in any of the courts, and any other of the district judges may complete the hearing and render judgment in the case or proceeding. TEX. GOV'T CODE ANN. § 24.303(c) (Vernon 2004). Any of the district judges may hear and determine motions for new trials and may enter judgment or issue orders on them in the court in which the case or proceeding is pending without transferring the case or proceeding. See id. The district judge in whose court the matter is pending may proceed to hear, complete, and determine that matter or all or any part of any other matter and render a final judgment. Id.

In this case, both trial court district judges have jurisdiction in Hays County. Therefore, both trial court district judges had concurrent jurisdiction to hear any part of the proceeding. See Pinnacle Gas Treating, Inc. v. Read, 160 S.W.3d 564, 566 (Tex. 2005). No formal order is necessary to grant jurisdiction to Judge Ramsay. See id. Since we have concluded that the order signed by Judge Henry on August 8, 2006 was not a final judgment, all issues have not been disposed of by Judge Henry; therefore, the 274th district court maintains its jurisdiction. Likewise, since the district courts of Hays County have concurrent jurisdiction, the 428th district court also has jurisdiction over the pending suit.

Conclusion

For the foregoing reasons, we deny relator's petition for mandamus.

Mackey K. Hancock
Justice

5