# NO. 12-09-00117-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TEXAS PARKS AND WILDLIFE DEPARTMENT,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *KENNETH W. GARLAND,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *OPINION*

The Texas Parks and Wildlife Department ("TPWD") appeals the denial of its plea to the jurisdiction in a lawsuit brought against it by Kenneth W. Garland. In one issue, TPWD asserts that the trial court should have granted the plea because Garland's lawsuit was barred by sovereign immunity. We reverse and dismiss.

## BACKGROUND

On June 30, 2003, Garland was performing court ordered community service at Tyler State Park, a TPWD-operated park, and was assigned to trash collection. A TPWD employee drove Garland around in a pickup truck so that he could empty trash barrels and remove litter from the roadside. Garland rode in the bed of the pickup. While the pickup was moving, Garland fell from the back of the truck, suffering significant injuries.

Garland sued TPWD, alleging that the TPWD driver had negligently operated the truck, resulting in his fall and injuries. TPWD filed a plea to the jurisdiction, alleging that sovereign immunity barred Garland's lawsuit. Following a hearing, the trial court denied the plea. This interlocutory appeal followed.

## PLEA TO THE JURISDICTION

In its sole issue, TPWD argues that sovereign immunity bars Garland's lawsuit. More specifically, TPWD asserts that Garland's pleadings fail to affirmatively demonstrate jurisdiction.

## Sovereign Immunity

In 1847, the Texas Supreme Court held that "no State can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847). This immunity also applies to "the various divisions of state government, including agencies, boards, hospitals, and universities." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). In this context, it is referred to as sovereign immunity. *Id.*

In Texas, sovereign immunity has two components: immunity from suit and immunity from liability. *Gen. Servs. Comm'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591, 594 (Tex. 2001). Immunity from suit is jurisdictional and bars suit; immunity from liability is not jurisdictional and protects from judgments. *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). Sovereign immunity from suit deprives a trial court of subject matter jurisdiction. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006).

## Standard of Review

The absence of subject matter jurisdiction may be raised by a plea to the jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). An appellate court addressing a challenge to a trial court's subject matter jurisdiction reviews the trial court's ruling de novo. *Id.* at 228. The reviewing court exercises its own judgment and redetermines each issue of fact and law. *See Schade v. Tex. Workers' Comp. Comm'n*, 150 S.W.3d 542, 549 (Tex. App.–Austin 2004, pet. denied) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)). The reviewing court accords the trial court's decision no deference. *See Schade*, 150 S.W.3d at 549 (citing *Quick*, 7 S.W.3d at 116). When a conclusion of law is erroneous, but the trial court reached the right result, the erroneous conclusion of law does not require reversal. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). If a trial court lacks jurisdiction over some claims but not others,

the trial court should dismiss those claims over which it does not have subject matter jurisdiction but retain those claims over which it does. *See Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006).

"When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* If the pleadings affirmatively negate the existence of jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* at 226-27. If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, the trial court should dismiss the plaintiff's action. *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). "Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined." *Id.*

**Garland's Pleadings**

In order for the State's immunity to be waived and the trial court to have jurisdiction, a party must show that the State has consented to suit. *See Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex. 2002). Consent can be established by statute or legislative resolution. *Id.* In very limited situations, consent can be established by conduct. *See, e.g., Reata Constr.*, 197 S.W.3d at 376-77. Garland's pleadings present facts in support of pleaded assertions that the legislature has consented to suits such as his by way of section 101.021 of the Texas Tort Claims Act.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 2005).

---

[1] Section 101.021 states that

[a] governmental unit . . . is liable for

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

As it did in its plea, TPWD asserts here that section 101.021 does not provide Garland the necessary waiver of immunity when that section is read in light of article 42.20 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 42.20 (Vernon 2006). Article 42.20(b) provides that

> [the Texas Tort Claims Act] does not apply to a claim based on an act or a failure to act of an individual [who is an officer or employee of a state agency or of a political subdivision other than a county] or a governmental entity the officer serves as an officer or employee if the act or failure to act is in connection with [a community service program or work program].

*See id.* Thus, TPWD argues the plain language of article 42.20(b) negates any consent to suit that might otherwise be provided by section 101.021. Because Garland asserts no other basis for the State's alleged consent to suit, TPWD claims that it is immune from Garland's suit and the trial court erred in denying its plea to the jurisdiction.

Garland argues that article 42.20(b) does not negate the Texas Tort Claims Act as to the actions complained of in his suit because the driver's actions were ministerial, not discretionary. Alternatively, Garland argues that article 42.20(b) applies only to acts "not performed with conscious indifference to the safety of others." *See* TEX. CODE CRIM. PROC. ANN. art. 42.20(a)(2). Because he contends that the driver's actions were committed with conscious indifference to the safety of others, Garland asserts that article 42.20(b) is inapplicable to his case and that he can utilize the Texas Tort Claims Act to establish TPWD's consent to suit by statute.

**Statutory Construction**

In construing a statute, our primary objective is to determine and give effect to the legislature's intent in enacting it. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). In

---

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 2005).

4

determining legislative intent, we examine the entire act, not just isolated portions of it. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). We start with the plain and common meaning of the statute's words. *McIntyre*, 109 S.W.3d at 745. Unless the statute is ambiguous, we determine the legislature's intent from the language of the statute itself. *Continental Cas. Co. v. Downs*, 81 S.W.3d 803, 805 (Tex. 2002). We must presume that every word of the statute has been used for a purpose and that every word excluded from the statute has been excluded for a purpose. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995). We should not insert words into the statute except to give effect to clear legislative intent. *Id*. We presume that the legislature enacted the statute with complete knowledge of existing law and with reference to it. *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). We also may consider the object sought to be obtained by the statute and the consequences of a particular construction. TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005).

Chapter 42 of the code of criminal procedure focuses on the judgment and sentence in criminal cases. Article 42.20 of that chapter is entitled "Immunities." Article 42.20(a) provides immunity from certain acts or failures to act in connection with a community service program or work program, if the acts or failures to act were not performed with conscious indifference for the safety of others. *See* TEX. CODE CRIM. PROC. ANN. art. 42.20(a).

Article 42.20(b), however, has no such limiting language. *See* TEX. CODE CRIM. PROC. ANN. art. 42.20(b). It simply states that the Texas Tort Claims Act does not apply to a claim based on an act by a state employee related to a community service program. Therefore, the plain language of the statute supports TPWD's assertion that the Texas Tort Claims Act is inapplicable to Garland's claims.

Further, the object sought to be obtained by the statute is immunity. The consequence of construing article 42.20(b) so that the Texas Tort Claims Act is inapplicable to claims related to community service program actions is immunity for the governmental entity. To encourage state agencies to participate in community service programs, it certainly is conceivable that the legislature intended such a result. Finally, to arrive at either of Garland's proposed constructions, we would need to insert words into the statute. Because there is no clear

5

legislative intent for us to do so, we decline Garland's invitation. *See **Laidlaw Waste***, 904 S.W.2d at 659.

Garland relies heavily on ***Tarrant County v. Morales***, 207 S.W.3d 870 (Tex. App.–Fort Worth 2006, no pet.). However, the ***Morales*** court did not construe article 42.20(b). *See **id.*** at 876. Nor did it hold that the Texas Tort Claims Act applies to acts related to a community service program. *See **id***.

"[F]or the Legislature to waive sovereign immunity [by enacting a statute], it must do so by clear and unambiguous language." ***Univ. of Tex. Med. Branch at Galveston v. York***, 871 S.W.2d 175, 177 (Tex. 1994). In light of article 42.20(b), Garland cannot demonstrate a clear and unambiguous waiver of sovereign immunity. Therefore, a plea to the jurisdiction was proper.

## Constitutionality of Article 42.20

Garland alleges on appeal that article 42.20(b) is unconstitutional. He argues that it constitutes the creation of a special law, or a special privilege, in violation of the Texas Constitution. He also argues that it violates the Due Process Clause and Equal Protection Clause of the United States Constitution

A special law is one "limited to a particular class of persons distinguished by some characteristic other than geography." ***Ford Motor Co. v. Sheldon***, 22 S.W.3d 444, 450 (Tex. 2000). Nevertheless, the legislature maintains broad authority to make classifications for legislative purposes. ***Id.*** The constitutional limitation on this authority requires a broad enough classification to ensure a substantial class and a legitimate basis to distinguish the class from others with respect to the public purpose of the legislation. ***Id.*** The ultimate test is whether there is a reasonable basis for the classification and whether the law treats all within the class equally. ***Id.*** at 451. Garland also asserts that the statute creates a special privilege or emolument in violation of article I, section 3 of the Texas Constitution. So long as the classification does not distinguish between persons on a suspect basis or impinge on a fundamental right, a statute does not violate this constitutional provision if it is rationally related to a legitimate state purpose. ***Trinity River Auth. v. URS Consultants, Inc.–Tex.***, 889 S.W.2d 259, 264 (Tex. 1994).

To demonstrate that the statute violates the Due Process Clause substantively, Garland must establish that he was deprived of a constitutionally protected right by an arbitrary use of the

state's power.  ***Byers v. Patterson***, 219 S.W.3d 514, 525 (Tex. App.–Tyler 2007, no pet.).  If the statute is rationally related to furthering a legitimate state interest, the statute satisfies the Due Process Clause.  ***Id.***  To demonstrate that the statute violates the Equal Protection Clause, Garland must establish that he was treated differently from other similarly situated parties and that he was treated differently without a reasonable basis.  *See **Sanders v. Palunsky***, 36 S.W.3d 222, 225 (Tex. App.–Houston [14th Dist.] 2001, no pet.).  A statute that does not single out members of a suspect class or implicate a fundamental right need only be rationally related to a legitimate state interest to satisfy the Equal Protection Clause.  *See **id**.*

To encourage state agencies to participate in these programs and to combat litigation abuse from the participants, the legislature deemed it necessary to make the Texas Tort Claims Act inapplicable to claims arising from actions related to a community service program.  Here, article 42.20(b) serves a legitimate state interest in implementing a community service program.  And article 42.20(b) is reasonably and rationally related to that interest.  Further, Garland is not a member of a suspect class and no fundamental right is implicated by the operation of article 42.20(b).  Therefore, Garland's constitutional challenges fail.

## CONCLUSION

Garland's pleadings affirmatively negate the existence of subject matter jurisdiction.  *See **Miranda***, 133 S.W.3d at 227.  Therefore, the trial court erred by denying TPWD's plea to the jurisdiction.  Accordingly, we sustain TPWD's sole issue.[2]  Generally, the proper remedy when a court lacks subject matter jurisdiction is to dismiss the case without prejudice, but when a dispositive defect cannot be remedied, dismissal with prejudice is proper.  *Cf. **Hickman v. Adams***, 35 S.W.3d 120, 124 (Tex. App.–Houston [14th Dist.] 2000, no pet.).  Therefore, the trial court should have granted the plea and dismissed these claims with prejudice.  Accordingly, we ***reverse*** the order of the trial court denying TPWD's plea to the jurisdiction and ***dismiss*** Garland's action, with prejudice, for lack of subject matter jurisdiction.  *See **Sykes***, 136 S.W.3d at 639 (requiring dismissal with prejudice where plaintiff previously had opportunity to amend);

---

[2] Because we have sustained TPWD's challenge to Garland's pleadings, we do not reach TPWD's arguments related to the existence of jurisdictional facts.  *See* TEX. R. APP. P. 47.1.

7

see also TEX. R. APP. P. 43.2 (authorizing court of appeals to reverse the trial court's judgment and render the judgment the trial court should have rendered).

**BRIAN HOYLE**
Justice

Opinion delivered May 28, 2010.
*Panel consisted of Worthen, CJ., Griffith, J. and Hoyle, J.*

(PUBLISH)

8